UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

GEORGE L. ANDERSON,

        Plaintiff,

   -vs-

JANE C. CAMERON, TERESA J.
MUCHA, JOE MARTENS, LANGDON
MARSH, THOMAS C. JORLING, and
HENRY G. WILLIAMS,

        Defendants.

**13-CV-578-MAT**
**DECISION AND ORDER**

---

## I. Introduction

*Pro se* plaintiff George L. Anderson ("plaintiff") commenced the instant action on June 3, 2013, alleging that defendants unlawfully prevented him from operating a "grandfathered" gravel mining operation on his property in Chautauqua County, New York. On August 21, 2013, the Court entered a Decision and Order in which it granted plaintiff permission to proceed *in forma pauperis* and instructed him to file an amended complaint no later than September 23, 2013. Docket No. 4. Plaintiff was informed that if he failed to file an amended complaint, the Court would "proceed to further review fully the complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B), against only those defendants named in the Caption and Parties to Action . . . [s]ection[s] of the complaint." *Id.* at 8. Plaintiff failed to file an amended complaint, and the Court subsequently ordered that the complaint be served. Docket No. 8. Defendants Jane C. Cameron ("Cameron"), Joe Martens ("Martens"),

and Teresa J. Mucha ("Mucha") (collectively the "moving defendants") filed a motion to dismiss for failure to state a claim on March 27, 2014. Docket No. 10. The docket indicates that defendants Thomas C. Jorling, Langdon Marsh, and Henry G. Williams (collectively the "non-moving defendants") were never served with the with the summons and complaint. Docket No. 9.

On January 4, 2017, United States Magistrate Judge H. Kenneth Schroeder issued a Report and Recommendation ("R&R") (Docket No. 27) recommending that the moving defendants' motion to dismiss be granted. For the reasons discussed below, the Court adopts the findings set forth in the R&R and grants the motion to dismiss. In addition, the Court finds *sua sponte* pursuant to 28 U.S.C. § 1915 that plaintiff has failed to state a claim as to Thomas C. Jorling, Langdon Marsh, and Henry G. Williams. As a result, the complaint is dismissed in its entirety.

**II. Discussion**

    **A. Standard of Review**

When specific objections are made to a magistrate judge's report and recommendation, the district judge makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). When only general objections are made to a magistrate judge's report and recommendation, the district judge reviews it for clear error or manifest injustice. *E.g., Brown v.*

*Peters*, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997), *aff'd*, 175 F.3d 1007 (2d Cir. 1999). After conducting the appropriate review, the district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B. *Sua Sponte* Dismissal of Plaintiff's Claims Against the Non-Moving Defendants

As a threshold matter, the Court notes that Judge Schroeder limited his consideration to whether plaintiff had stated a claim as to the moving defendants. Judge Schroeder apparently mistakenly read the Court's August 21, 2013 Decision and Order as dismissing plaintiff's claims against the non-moving defendants. *See* Docket No. 27 at 4. However, review of the August 21, 2013 Decision and Order shows that the Court reserved decision on the adequacy of the claims against all the defendants listed in the caption, which includes non-moving defendants Langdon Marsh, Thomas C. Jorling, and Henry G. Williams. *See* Docket No. 4 at 7. The Court has reviewed those claims and determines that *sua sponte* dismissal is appropriate as to the non-moving defendants.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court shall dismiss a case in which *in forma pauperis* status has been granted if, at any time, the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. Section 1915 "provide[s] an efficient

-3-

means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). "*[S]ua sponte* § 1915 . . . dismissal may occur and is in some cases preferable after service of process and expansion of the record." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003). Moreover, "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations." *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004). Nevertheless, even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004).

Here, the complaint contains no factual allegations whatsoever against non-moving defendants Langdon Marsh, Thomas C. Jorling, and Henry G. Williams. Indeed, the only times the non-moving defendants' names appear are in the case caption and list of parties. Moreover, plaintiff was given an opportunity to amend his complaint pursuant to the Court's August 21, 2013 Decision and Order and failed to do so. Under these circumstances, the Court finds that *sua sponte* dismissal of the claims against non-moving defendants Langdon Marsh, Thomas C. Jorling, and Henry G. Williams is appropriate.

**B. Plaintiff's Objections to the R&R**

Turning to plaintiff's claims against the moving defendants, plaintiff's objections to the R&R are nothing more than a reiteration of the arguments considered by Judge Schroeder. As a result, the Court reviews the R&R for clear error, and finds none.

As discussed in detail in the R&R, the complaint contains no factual allegations whatsoever regarding defendants Cameron and Martens. Because there is no supervisory liability in a case brought under 42 U.S.C. § 1983, and because plaintiff has failed to identify any allegedly unlawful actions taken by Cameron and/or Martens, dismissal of his claims against them is appropriate.

With respect to defendant Mucha, plaintiff alleges that she violated his due process rights by ordering him to stop operating his gravel operation under threat of fines and penalties. As set forth in the R&R, even assuming that plaintiff had a cognizable property interest in continuing his gravel operation, he has failed to allege facts from which a fact-finder could conclude that defendant Mucha actually prevented him from doing so. Moreover, plaintiff's own papers demonstrate that he has been afforded extensive process, including having had his claims adjudicated by no less than four state and federal courts, all of which decided against him.

Plaintiff also has not stated claims for violation of the Constitution's Takings Clause or Contracts Clause. As

Judge Schroeder explained, in order to state a claim based on the Takings Clause, a plaintiff must allege that he sought compensation via state procedures and was denied. Plaintiff has made no such claim here. Plaintiff also has not alleged the existence of a contract or a change in law that impaired that contract, as is required to state a claim for violation of the Contracts Clause.

Finally, with respect to Plaintiff's conspiracy claim, the Court agrees with Judge Schroeder that plaintiff has failed to allege any facts showing an agreement between defendant Mucha and the administrative law judge. Additionally, Mucha was acting in a prosecutorial capacity when she allegedly initiated administrative proceedings against plaintiff and is therefore entitled to immunity from civil suit.

Having considered plaintiff's objections, and for the reasons set forth above, this Court finds no clear error or manifest injustice in Judge Schroeder's findings, as a whole, and therefore adopts the R&R with respect to the claims against the moving defendants.

## III. Conclusion

For the reasons set forth in Judge Schroeder's thorough and well-reasoned R&R, the undersigned adopts his conclusions. The R&R (Docket No. 27) is hereby adopted, and the moving defendants' motion to dismiss (Docket No. 10) is granted. In addition, the Court *sua sponte* dismissed the claims against the non-moving

defendants, for the reasons set forth above.  The Clerk of Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

                                                  **S/Michael A. Telesca**
                                       _____
                                               MICHAEL A. TELESCA
                                        United States District Judge

Dated:    May 23, 2017
           Rochester, New York